THE CITIZENS NATIONAL BANK AND TRUST COMPANY OF ENGLEWOOD, PROSECUTOR, v. THE CITY OF ENGLEWOOD ET AL., DEFENDANTS.

Argued October 8, 1941—Decided March 2, 1942.

Before Justices PARKER, DONGES and COLIE.

For the prosecutor, *Hennessy & Mowry.*

For the defendants, *F. Hamilton Reeve.*

PER CURIAM.

This writ of *certiorari* brings up the action of the building inspector of the City of Englewood in refusing prosecutor a permit for the erection of a gasoline service station on Engle Street, in that municipality, and the action of the

Board of Adjustment in refusing to recommend to the governing body a variation from the provisions of the zoning ordinance.

The premises in question are located in a district 5-A, known as a "Retricted Business Area" wherein most types of businesses are permitted but gasoline service stations are prohibited. Prosecutor contends that the ordinance is violative of its constitutional rights and is unreasonable, as regards prosecutor's property, in its limitation prohibiting service stations.

The statute, *R. S.* 40 :55 *et seq.*, provides that zoning regulations permitted by paragraph 5 of section 6 of article IV of the Constitution "shall be in accordance with a comprehensive plan and designed for one or more of the following purposes : to lessen congestion in the streets; secure safety from fire, panic and other dangers; promote health, morals or the general welfare; provide adequate light and air; prevent the overcrowding of land or buildings; avoid undue concentration of population." An examination of the condition present in the neighborhood in the light of, the statutory requirements leads to the conclusion that the restriction of the ordinance does not violate prosecutor's constitutional rights and is not unreasonable.

Engle Street is one of the principal thoroughfares of the city. In the vicinity, the buildings are partly residential and partly business and civic in character. The street is heavily traveled by vehicular traffic, it being testified that drivers going in and out of driveways opening on the street have difficulty leaving and joining the passing traffic.

There are buildings in the immediate vicinity which attract the public in large numbers and tend to increase the pedestrian traffic past the premises. Danger to pedestrians from motor vehicles crossing the sidewalks to enter service stations is a proper consideration in testing the reasonableness of zoning ordinances. *Hall* v. *Jersey City,* 6 *N. J. Mis. R.* 558. Immediately adjoining to the south is the post office. Next to the south of the post office is a church. In the next block to the south are two large schools attended by approximately 1,000 students. To the north and about 130 feet from the

premises, but separated by an intervening cross street, is another large church. These are buildings of the type that attracts pedestrian traffic in large numbers. The situation in this case is similar to that in *Dannenbaum* v. *Board of Adjustment of Atlantic City,* 123 *N. J. L.* 439, that in *Phillips Oil Co.* v. *Clifton,* 120 *Id.* 13, and that in *Dickinson* v. *Plainfield,* 122 *Id.* 63, where restrictions against service stations were upheld. In the Plainfield case it was said "Altogether the regulation does not appear to be unreasonable, nor does the refusal of the board to grant an exception or to recommend the granting of such exception by the common council appear to be arbitrary or unreasonable." We think the prosecutor has not sustained the burden, which is upon it, of showing the ordinance to be unreasonable in the restrictions it imposes upon prosecutor's property.

The writ of *certiorari* is dismissed, with costs.